# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID BREEZE and HEATHER FLETCHER, Individually and as Co-Independent Administrators of the Estate of GINA RENEE BREEZE, Deceased,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 3:19-CV-848-NJR** |
| **BAYCO PRODUCTS, INC. and WALMART INC.,** | |
| **Defendants.** | |
| **BAYCO PRODUCTS, INC. and WALMART INC.,** | |
| **Third-Party Plaintiffs,** | |
| **v.** | |
| **G&R FAMILY INVESTMENTS, LLC, an Illinois limited liability company,** | |
| **Third-Party Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss Counts X and XI (Doc. 20) by Defendant Walmart, Inc., a Motion to Dismiss (Doc. 28) by Walmart, Inc., and a Motion to Dismiss for Failure to State a Claim (Doc. 30) by Defendant Bayco Products, Inc. For the reasons set for below, the Motion to Dismiss Counts X and XI by Defendant Walmart, Inc. is denied, the Motion to Dismiss by Walmart, Inc. is denied, and the Motion to

Dismiss for Failure to State a Claim by Defendant Bayco Products, Inc. is granted.

## FACTUAL & PROCEDURAL BACKGROUND

This action is brought under the Court's diversity of citizenship subject matter jurisdiction[1] for strict products liability, negligence, consumer fraud, breach of warranty, wrongful death, and survival arising out of the sale of a 10.5-inch Brooder Clamp Light (the "Bayco Clamp Light") manufactured by Bayco Products, Inc. ("Bayco") and sold by Walmart Inc. ("Walmart"), as well as a 250W heat lamp bulb sold by Walmart and marketed for use in the Bayco Clamp Light. The Amended Complaint (Doc. 12) alleges that on January 5, 2018, the Bayco Clamp Light and the 250W heat lamp bulb caused a fire at the home of Gina Breeze, resulting in her death. Plaintiffs David Breeze and Heather Fletcher are the co-administrators of the decedent's estate.

The Amended Complaint further alleges that the fire originated in the crawlspace

---

[1] Plaintiffs' decedent, Gina Renee Breeze, was a citizen of Illinois, and thus Plaintiffs David Breeze and Heather Fletcher are deemed to be citizens of Illinois as well. *See* 28 U.S.C. §1332(c)(2). Defendant Bayco Products, Inc. is a Texas corporation with its principal place of business in Texas, and thus Bayco is a citizen of Texas. Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas, and thus Walmart is a citizen of Delaware and Arkansas. Plaintiffs have alleged that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* Doc. 12. Because there is complete diversity of citizenship between the parties and the amount in controversy requirement is satisfied, the Court has subject matter jurisdiction over Plaintiffs' claims against Bayco and Walmart. The Court also exercises its supplemental jurisdiction over the third-party claim against G&R Family Investments because the claim against G&R is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative fact.'" *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "To satisfy this requirement, a 'loose factual connection between the claims is generally sufficient.'" *Id.* (quoting *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). Here, it is alleged that G&R placed the Bayco clamp light, which is the subject of the products liability suit, in the crawlspace of the decedent's property where a fire occurred.

of the residential home located at 503 S. Walnut St., Wayne City, Illinois, where the Bayco

Clamp Light with a 250W bulb had been placed by the property owners to remedy and

prevent frozen water lines and water pipes (*Id.*). The property owners purchased the light

at a Walmart retail store in Salem, Illinois (*Id.*).

According to the Amended Complaint (*Id.*), Bayco's website contained the

following statements:

> Bayco is a global brand of professional lighting products and cord solutions
> including fluorescent, halogen, and incandescent lights as well as extension
> cords and reels that exceed the industry standards in performance, quality,
> user-safety and value…The Nightstick and Bayco brands are recognized
> world-wide as high-performance, high-quality, high-value lighting
> solutions across virtually every industry…All products produced in Bayco
> Products' dedicated ISO 9001 Certified Factories undergo rigorous quality
> control inspections conducted by independent 3rd party inspectors at
> multiple points during the manufacturing process…Additional quality
> control inspections take place as products arrive and leave Bayco Products'
> distribution facility…Quality is also demonstrated in the customer service
> experience…with a target of nothing less than 100% customer
> satisfaction…Quite simply, the Bayco product line is designed and
> manufactured to outperform and be of a higher quality standard than any
> other product in its class.

The Amended Complaint also alleges that the website contained the following

statements regarding the Bayco Clamp Light specifically:

> This multipurpose 10 1/2 inch Brooder Clamp Light gives you the light you
> need, wherever and whenever you need it…The spring steel clamp,
> covered in a scratch resistant vinyl sleeve, in combination with its
> adjustable ball joint, holds the light securely to virtually any surface and
> allows it to be pointed right where it's needed…The 10 1/2 inch Brooder
> Clamp Light, with its Porcelain Ceramic Socket, will handle up to a 300W
> Med Screw Base Bulb…Lights 50% more area than a standard 8 clamp
> light…Rated at up to 50% more wattage than a standard 8 clamp light.

The Amended Complaint (*Id.*) further alleges that Walmart's website contained

the following statements regarding the Bayco Clamp Light specifically:

Providing 50% more lighting than standard clamp lights, the Bayco 10.5″ Brooder Clamp Light is ideal to use when entertaining guests in your backyard at night or working on projects in dim areas… An adjustable ball joint allows you to position the Bayco Light exactly where you need it. This makes illuminating areas convenient, so you get improved visibility. The spring steel clamp features a scratch-resistant vinyl sleeve that makes it suitable to use on a variety of surfaces…This Brooder Light can be used with a 300-watt incandescent bulb, which is sold separately…Use it at home to heat small areas of the bathroom and workbench or to prevent freezing of water pipes, car radiators and pumps.

Plaintiffs further allege that the Bayco Clamp Light was marketed as a safe, quality product that is suitable for use in all spaces (*Id.*). It is alleged that Bayco and Walmart made these statements for the purpose of inducing reliance by consumers so that consumers would purchase the Bayco Clamp Light from Walmart (*Id.*). Plaintiffs believe that Walmart stocked certain 250W heat lamp bulbs on its retail store shelves directly next to the Bayco Clamp Light (*Id.*).

Plaintiffs claim that the design or construction of the Bayco Clamp Light was defective, causing the clamp to fail in its general purpose (*Id.*). Also, the Bayco Clamp Light failed to hold the light securely to virtually any surface and failed to allow it to be pointed right where it is needed (*Id.*). Plaintiffs allege that the instructions allowed and recommended the use of up to a 300W heat lamp bulb that produced too much heat and was, therefore, unreasonably dangerous for use in the environment in which the Bayco Clamp Light was known to be operated (*Id.*). Plaintiffs further allege that Bayco and Walmart knew of the dangerous and defective conditions of the Bayco Lamp Light and failed to warn consumers (*Id.*).

Plaintiffs bring eighteen counts in their Amended Complaint (*Id.*). Plaintiffs bring a wrongful death action and a survival action based on strict products liability against

Walmart (*Id.*). Walmart moves to dismiss these actions pursuant to the seller's exemption because Walmart did not manufacture the Bayco Clamp Light (Doc. 20). Walmart also moves to be dismissed as a defendant because a subsidiary is responsible for selling the product, not the parent company as named in the suit (Doc. 28).

Plaintiffs also bring a wrongful death action and a survival action against Bayco pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Doc. 12). Bayco moves to dismiss these counts, asserting that Plaintiffs fail to plead the requisite who, what, where, and when of an ICFA claim (Doc. 30). Bayco also asserts that Plaintiffs' purported causes of action require actual injury as defined by Illinois state law, and none was pleaded (*Id.*).

Defendants have both filed Third Party Complaints against G&R Family Investments, LLC ("G&R") (Docs. 59, 60). The Complaints allege that G&R owned, managed, maintained, and controlled the property in which the lamp was installed (*Id.*). The complaints also allege that G&R placed the Bayco Clamp Light in a manner that posed a fire hazard, contributing to the deceased's injuries (*Id.*).

## LEGAL STANDARD

Defendants bring their motions pursuant to Federal Rules of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. 570. A plaintiff need not plead

detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

Taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-555 (2007) (internal citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[T]rial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Complaints that contain only "naked assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Further, courts "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). On the other hand, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [during the pleading stage] we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. National Wildlife Fed.*, 497 U.S. 871, 889 (1990)).

**A**NALYSIS

**I.      Motion to Dismiss Counts X and XI**

Walmart moves for Counts X and XI to be dismissed because Walmart claims to be protected by the seller's exemption, pursuant to 735 ILCS 5/2-621 (Doc. 20). There is a seller's exemption in product liability actions allowing for the dismissal of defendants who did not manufacture the product at issue and have not contributed to the alleged defect. 735 ILCS 5/2-621. Plaintiffs assert that Walmart has failed to file an affidavit certifying the correct identity of the manufacturer as required under the statute, that Walmart created the product defect through its own actions, and that Walmart had actual knowledge of the defect.

"Under Illinois law, 'all entities in the distributive chain of an allegedly defective product, including manufacturers, sellers, wholesalers, distributors and lessors of the product, are strictly liable in product liability actions for injuries resulting from that product.'" *Mitchell v. Philip Morris USA Inc.*, No. 18-cv-7739, 2019 U.S. Dist. LEXIS 69313, at *6-7 (N.D. Ill. Apr. 24, 2019). The seller's exception allows a court to dismiss a nonmanufacturing defendant from a strict liability action. *Id*. The seller's exception provides that the nonmanufacturing party shall file an affidavit identifying the correct manufacturer. 735 ILCS 5/2-621. A court may dismiss the defendant once the plaintiff has filed a complaint against the manufacturer and the manufacturer has answered or otherwise pleaded. *Id*.

Here, Walmart has failed to file an affidavit as required by law. *See* § 2-621(a). Because Walmart has failed to comply with the requirements of the statute, this Court

cannot dismiss Counts X and XI based on the seller's exemption. Therefore, Walmart's Motion to Dismiss Counts X and XI must be denied.

## II.    Motion to Dismiss Walmart as a Defendant

Walmart alleges that the named defendant is not the entity that sold the product in question (Doc. 28.). Walmart claims that Plaintiffs mistakenly named the parent company in the complaint, and the correct entity that sold the product is Walmart Stores, Inc. (*Id*.).

Walmart has provided no other information to support its contention. In response, Plaintiffs assert that a check with the Illinois Secretary of State establishes that there is no entity registered to do business in the State of Illinois, or any other state, under the name "Walmart Stores, Inc." (Doc. 35, 35-1.).

Viewing these facts in the light most favorable to Plaintiffs, this Court must deny Walmart's Motion to Dismiss.

## III.    Motion to Dismiss for Failure to State a Claim

Bayco moves to dismiss Counts V and VI of Plaintiffs' Amended Complaint, which are brought under the ICFA (Doc. 30.). Bayco asserts that Plaintiffs have failed to plead the requisite who, what, where, and when of a fraud claim (*Id*.). Bayco further asserts that Plaintiffs' causes of action require actual injury as defined by Illinois state law, but none was pleaded.

The ICFA is intended to protect consumers from fraudulent and deceptive practices by businesses in Illinois. Claims of fraud brought under ICFA are subject to a heightened pleading standard. "If the claim rests on allegations of deceptive conduct,

then Rule 9(b) applies and the plaintiff must plead with particularity the circumstances constituting fraud." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019). "This means as a practical matter that [plaintiffs] must identify the 'who, what, when, where, and how' of the alleged fraud." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019).

Here, the Amended Complaint alleges that: Bayco's website contained various representations regarding the Bayco Clamp Light's safety and quality; the design of the Bayco Clamp Light was defective; Bayco knew of the Clamp Light's dangerous propensity; these conditions existed "at all times relevant hereto"; and these conditions resulted in Gina Breeze's death (Doc. 12). The requisite "who, what, when, where, and how" and Rule 9(b)'s particularity requirement has been satisfied.

Bayco further asserts that Plaintiffs have failed to allege that the decedent observed the deceptive communications (Doc. 31). Bayco is correct in asserting that a consumer cannot maintain an action under the ICFA when the plaintiff does not receive, directly or indirectly, communication or advertising from the defendant (*Id.*). "The Illinois Supreme Court recently reiterated that an essential part of a claim under the Consumer Fraud Act is that 'the plaintiff must actually be deceived by a statement or omission that is made by the defendant.'" *Zang v. All. Fin. Servs. of Ill.*, 875 F. Supp. 2d 865, 878 (N.D. Ill. 2012). Plaintiffs are also correct in asserting that the statute provides that "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person" (Doc. 40). 815 ILCS 505/10a. An ICFA plaintiff must still allege, however, that he or she is a "consumer" in order to state an ICFA claim.

*Kmak v. Sorin Grp. Deutschland GmbH*, No. 17 CV 4759, 2017 U.S. Dist. LEXIS 203939, at *20 (N.D. Ill. Dec. 12, 2017). A consumer under the ICFA "means any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household. 815 ILCS 505/1(e). The decedent did not purchase the Bayco light and thus does not fit squarely into the definition of a consumer.

Courts have allowed those who do not fit squarely into the definition of consumer to bring ICFA claims based on the consumer nexus test. *Kmak*, 2017 U.S. Dist. LEXIS 203939, at *20. In order to meet the requirements of the consumer nexus test, a plaintiff must show "(1) that [her] actions were akin to a consumer's actions to establish a link between them and consumers; (2) how defendant's representations...concerned consumers other than [plaintiff]; (3) how defendant's particular [activity] involved consumer protection concerns; and (4) how the requested relief would serve the interests of consumers." *Kmak*, 2017 U.S. Dist. LEXIS 203939, at *20-21.

Here, Plaintiffs have generally alleged that Bayco made representations on its website that Bayco intended consumers to rely on (Doc. 12). But in order to satisfy the consumer nexus test, Plaintiffs must allege how the decedent's actions were akin to consumers and how the requested relief would serve the interests of consumers. *See Kmak*, 2017 U.S. Dist. LEXIS 203939, at *21. Plaintiffs have failed to do either. Therefore, Plaintiffs cannot maintain the ICFA claims.

<u>CONCLUSION</u>

For the reasons set forth above, the Motion to Dismiss Counts X and XI (Doc. 20) by Defendant Walmart, Inc. is **DENIED without prejudice**, and Walmart is given leave to file the requisite affidavit **within 14 days**. The Motion to Dismiss (Doc. 28) by Walmart, Inc. is **DENIED**. The Motion to Dismiss for Failure to State a Claim (Doc. 30) by Defendant Bayco Products, Inc. is **GRANTED**, and Counts V and VI of Plaintiffs' Amended Complaint are dismissed without prejudice and with leave to file an amended complaint. If Plaintiffs seek to amend their pleadings, the Second Amended Complaint shall be filed on or before **May 11, 2020**.

**IT IS SO ORDERED.**

**DATED:   April 9, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**